HOPE <i>vs.</i> EDDINGTON.

What amounts to an eviction of tenant, so as to discharge his surety from payment of rent ? (a)

ERROR from superior court, New York, where the cause was by certiorari from the marine court, where Hope sued

(a) A wrongful eviction of the tenant by the landlord from a part of the demised premises suspends the rent until the possession is restored. And the landlord can not recover, on the agreement to pay rent, a portion thereof, nor any compensation for the part of the premises occupied by the tenant while such eviction continued. Nor can he recover in an action for use and occu-

Eddington as surety for one Golding, and declared against him in covenant that Golding should pay the rent, viz., $300, of house and store No. 36, viz., rent on lease for nine months, viz., from August 1st, 1841, to May 1st, 1842, or so much as should remain unpaid, avering that $50 were in arrear. Plea, eviction. Defendant proved that Golding left, having been expelled by an officer under the influence of Hope, and that one Lewis was put in possession as Hope's tenant, September. 15th, 1841, who continued in possession. The alleged ground of ordering Golding off was that he kept a disorderly house. Eddington, the defendant, was also instrumental in getting Golding away, Hope promising if he would effect it to forgive him his obligation to pay as surety. There was judgment in the marine court for the defendant, and this was affirmed by the superior court.

*By the Court*, COWEN, J. The marine court was clearly warranted by the evidence in finding an eviction.

Judgment affirmed.

pation the value of the part of the demised premises enjoyed by the tenant during the term, and while deprived of the residue by such eviction. Therefore, where premises were demised by an agreement not under seal, for a year, at the rent of two hundred dollars payable quarterly, and the landlord, before any rent became payable, wrongfully entered and evicted the tenant from a part of the premises, but the latter voluntarily occupied the residue to the end of the term, when the landlord brought an action for use and occupation; *held*, that he could not recover. *Christopher* v. *Austin*, 1 Kern., 216. Where the tenant is evicted from a part of the premises by title paramount to the lessor's, the landlord may recover for the portion of the premises enjoyed by the tenant. *Id.*, per PARKER, J.